**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TATAYANA TABATCHIKOVA, AKA Tatiana Tabatchnikova,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General,<br><br>Respondent. | No. 08-72085<br><br>Agency No. A079-139-878<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Tatiana Tabatchnikova petitions for review of the decision by the Bureau of

Immigration Appeals ("BIA") denying her withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review in part and dismiss it in part.[1]

**1.**     Substantial evidence supports the immigration judge's ("IJ's") conclusion that Tabatchnikova is not entitled to withholding of removal. Tabatchnikova did not establish past persecution because she failed to show that the incidents she cites were committed "by government officials or by individuals that the government is unable or unwilling to control." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). Furthermore, these incidents do not rise to the level of persecution under our case law. *See, e.g.*, *Halim v. Holder*, 590 F.3d 971, 975-76, 980 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009); *Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Donchev*, 553 F.3d at 1213 ("'Persecution is an extreme concept' that means something considerably more than discrimination or harassment." (citation omitted)). Finally, the government reports on religious freedom and ethnic relations in the record belie Tabatchnikova's claim that she is likely to suffer persecution if she returns to Kazakhstan.

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

**2.** We lack jurisdiction to consider Tabatchnikova's due process challenge to the adequacy of the hearing transcripts because she did not first raise that claim to the BIA. *See Singh v. Ashcroft*, 367 F.3d 1139, 1146 n.1 (9th Cir. 2004); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Although some constitutional due process challenges need not be exhausted, procedural errors that the BIA is capable of remedying, like the one alleged here, must be raised to the BIA. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994). Even if we had jurisdiction, we would deny Tabatchnikova's claim because she fails to show that the omissions in the hearing transcript prejudiced her. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011); *Singh*, 367 F.3d at 1143-44.

**DENIED in part; DISMISSED in part.**